IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DARRELL WAYNE MOSS,

        Plaintiff,

v.                                          Civil Action No. 5:16CV47
                                                            (STAMP)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

        Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background[1]

    The plaintiff, by counsel, seeks judicial review of the

Commissioner's decision to deny his claims for disability insurance

benefits ("DIB") under Title II of the Social Security Act and

supplemental security income ("SSI") under Title XVI of the Social

Security Act.  The plaintiff applied for DIB and SSI on June 22,

2012, alleging disability beginning February 1, 2010.  His prior

work experience includes working as a construction worker, and he

alleges that is he unable to work due to the following ailments:

(1) injuries in his lower back, neck, shoulder, and left foot; (2)

memory loss, and (3) depression, anxiety, and nightmares.  His

claim was denied initially and again upon reconsideration.  The

plaintiff then filed a written request for a hearing, and the

_____

    [1]This memorandum opinion and order contains only the most
relevant procedural and factual information.  For more extensive
background information, see ECF No. 18.

Administrative Law Judge ("ALJ") held a video hearing on September 17, 2014.  At the hearing, the plaintiff, represented by counsel, testified, as did an impartial vocational expert.  The ALJ issued an unfavorable decision to the plaintiff and the plaintiff appealed.  The Appeals Council denied the plaintiff's request for review, and the plaintiff timely brought his claim before this Court.

The ALJ used a five step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920.  Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since February 1, 2010, the alleged onset date; (2) the plaintiff had the following severe impairments: degenerative disc disease of the cervical spine status post fusion; degenerative disease of the lumbar spine with radiculopathy status post fusion; carpal tunnel syndrome of the right wrist; and left rotator cuff tear status post surgical repair with acromioplasty; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Therefore, the ALJ found that the

plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff and the defendant both filed motions for summary judgment. The plaintiff's motion for summary judgment argues that the defendant's decision is contrary to the law and not supported by substantial evidence. Specifically, the plaintiff contends that the ALJ (1) erred at step three when he summarily determined that the plaintiff does not meet Listing 1.04A; (2) erred when he determined that the plaintiff possesses the residual functional capacity ("RFC") to perform light work, and (3) improperly evaluated the plaintiff's credibility. The plaintiff requests that the Court reverse the defendant's decision and remand the case for an award of benefits or, alternatively, remand the case for further proceedings. The defendant's motion for summary judgment argues that the defendant's decision is supported by substantial evidence. Specifically, the defendant argues that substantial evidence supports (1) the ALJ's step three findings; (2) the RFC for light work; and (3) the ALJ's credibility findings.

The magistrate judge then entered his report and recommendation. The magistrate judge recommends that this Court deny the defendant's motion for summary judgment, grant the plaintiff's motion for summary judgment, and accordingly remand this civil action. These recommendations are based on the magistrate judge's conclusion that the defendant erred at step

three of the sequential evaluation process.  The parties did not file objections.  For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III.  Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard."  <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u>  A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision."  <u>Thompson v. Astrue</u>, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir.

4

2005)).   Further, as the Supreme Court of the United States stated

in United States v. United States Gypsum Co., "a finding is

'clearly erroneous' when although there is evidence to support it,

the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed."

333 U.S. 364, 395.

At step three of the sequential evaluation process, a claimant

bears the burden of proving that his medical impairments meet or

equal the severity of an impairment recorded in the "Listing of

Impairments," located at 20 C.F.R. Part 404, Subpart P, Appendix 1.

Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).   The claimant

establishes a prima facie case of disability if he meets this

burden.  Id.  Listing 1.04 applies to claims involving disorders of

the spine.   20 C.F.R. Part 404, Subpart P, Appendix 1.   Under

Listing 1.04, disorders of the spine must "result in limitations

because of distortion of the bony and ligamentous architecture of

the spine and [the resulting] associated impingement o[f] nerve

roots . . . or spinal cord."   Id.  When detailing whether a

claimant has met the requirements of a listing, an ALJ must compare

the claimant's actual symptoms to the requirements of the relevant

listed impairments in more than a "summary way." Cook v. Heckler,

783 F.2d 1168, 1173 (4th Cir. 1986).

The ALJ determined at step three that the objective criteria

of Listing 1.04 was not satisfied, reasoning that

> there is no evidence of nerve root compression
> characterized by neuroanatomic distribution of pain,
> limitation of motion of the spine, motor loss accompanied
> by sensory or reflex loss, and positive straight-leg
> raising test. Also, the record does not document spinal
> arachnoiditis, or lumbar spinal stenosis resulting in
> pseudoclaudication. [The plaintiff] is able to ambulate
> effectively.

ECF No. 7-2 at 15. The magistrate judge found that the ALJ's reasoning at step three was insufficient because the ALJ was required to compare the plaintiff's actual symptoms to the requirements of Listing 1.04 in more than a summary way. The magistrate judge determined that the ALJ has merely listed the requirements of Listing 1.04 and stated that the plaintiff had not satisfied them, which precludes meaningful judicial review. The magistrate judge noted that the only fact from the record that the ALJ explicitly discussed was the plaintiff's ability to ambulate effectively.

The magistrate judge then pointed out that the record reflects that the plaintiff suffers from spinal disorders that could potentially meet or equal Listing 1.04A, of which the ALJ was well aware. For example, at step two, the ALJ concluded that the plaintiff suffers from severe degenerative disc disease of the cervical and lumbar spines. ECF No. 7-2 at 14. Additionally, at step four, the ALJ noted that the plaintiff has also been diagnosed with radiculopathy and has undergone an anterior cervical discectomy and fusion, as well as a transforaminal lumbar interbody fusion. ECF No. 7-2 at 16-17. The ALJ also noted that, since the

plaintiff's surgeries, the plaintiff has been diagnosed with spinal stenosis.  ECF No. 7-2 at 17.  Lastly, after stating at step three that there is no evidence of a positive straight leg raising test, the ALJ stated later in the opinion that "there is documentation of a positive straight leg raise test."  ECF No. 7-2 at 17.  Because the plaintiff presented evidence relevant to the ALJ's step three analysis, the ALJ was required to explain why that evidence failed to meet or medically equal the severity of Listing 1.04A in more than a conclusory manner.  The magistrate recommends that, on remand, the ALJ should fully develop the record and provide further discussion and analysis of whether the plaintiff's impairments meet or medically equal Listing 1.04A.

This Court finds that the magistrate judge's findings as to the ALJ's analysis at step three are not clearly erroneous.  The record supports the magistrate judge's conclusion that the ALJ's analysis was insufficient and precludes meaningful judicial review. See Bentley v. Comm'r of Soc. Sec., No. 1:13CV163, 2014 WL 906587 (N.D. W. Va. Mar. 7, 2014).  The magistrate judge correctly determined that the ALJ failed to compare the plaintiff's actual symptoms to the requirements of the relevant listed impairments in more than a "summary way."  Cook, 783 F.2d at 1173.  Thus, this Court will uphold the magistrate judge's findings and recommendation that the case be remanded so that the ALJ can fully develop the record and provide further discussion and analysis of

whether the plaintiff's impairments meet or medically equal Listing 1.04A.

The magistrate judge further concluded that the ALJ did not err in (1) determining the plaintiff's RFC or (2) evaluating the plaintiff's credibility. As to the RFC determination, the magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff is capable of performing light exertional work. The RFC is what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). Specifically, the RFC is "[a] medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s)." Dunn v. Colvin, 607 F. App'x 264, 272 (4th Cir. 2015) (quoting Social Security Ruling 83-10). The ultimate responsibility for determining a plaintiff's RFC is reserved for the ALJ, as the fact-finder. Farnsworth v. Astrue, 604 F. Supp. 2d 828, 835 (N.D. W. Va. 2009).

The magistrate judge concluded that the ALJ did not err in determining that the plaintiff is capable of performing light exertional work. The plaintiff argued that the ALJ erroneously determined that the plaintiff does not require a cane to ambulate. The magistrate judge found that the plaintiff failed to meet his burden of proving that the cane is medically necessary because the plaintiff did not provide any medical documentation indicating that

one of his health care providers ordered him to walk with a cane or even records establishing the circumstances for which a cane is needed.  This Court finds that the magistrate judge's finding that the ALJ's RFC determination is supported by substantial evidence is not clearly erroneous and should be upheld.

As to the credibility evaluation, the magistrate judge found that the ALJ properly followed the two-step process for determining that the plaintiff was not credible.  The plaintiff argued that the ALJ erred when determining that the plaintiff is not credible regarding his subjective complaints.  There is a two-step process for determining whether a claimant is disabled by pain or other symptoms.  See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must expressly consider whether the claimant has demonstrated, through objective medical evidence, that a medical impairment exists that is capable of causing the degree and type of pain alleged.  Id.  Second, the ALJ must consider the credibility of the claimant's subjective allegations of pain in light of the entire record.  Id.  Social Security Ruling 96-7p sets out several factors, in addition to objective medical evidence, for an ALJ to consider when assessing the credibility of a claimant's subjective symptoms and limitations.  If the ALJ meets his or her basic duty of explanation, then "an ALJ's credibility determination [will be reversed] only if the claimant can show [that] it was 'patently wrong.'"  Sencindiver v. Astrue, No. 3:08CV178, 2010 WL 446174, at

*33 (N.D. W. Va. Feb. 3, 2010) (quoting <u>Powers v. Apfel</u>, 207 F.3d 431, 435 (7th Cir. 2000)).

The magistrate judge found that the ALJ properly followed the two-step process because, initially, the ALJ determined that the plaintiff had proved that he suffers from medical impairments that could reasonably be expected to cause the alleged symptoms. Then, after examining the factors outlined in Social Security Ruling 96-7p, the ALJ further determined that the plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible in light of the entire record. This Court finds no clear error in the magistrate judge's finding that the ALJ met his basic duty of explanation in his discussion of the relevant factors and that the plaintiff did not meet his burden of showing that the ALJ's credibility determination is patently wrong. While the ALJ's discussion is not extensive, it is sufficiently specific to make clear his reasoning in finding the plaintiff not entirely credible. Thus, this Court accords the ALJ's credibility determination the great weight to which it is entitled.

Accordingly, this Court finds no error in the findings and recommendations of the magistrate judge and thus upholds his ruling.

## IV.  <u>Conclusion</u>

For the reasons above, the magistrate judge's report and recommendation (ECF No. 18) is hereby AFFIRMED and ADOPTED. Thus,

the plaintiff's motion for summary judgment (ECF No. 12) is GRANTED and the defendant's motion for summary judgment (ECF No. 16) is DENIED. It is further ORDERED that this case be REMANDED to the Commissioner for further fact finding in accordance with the magistrate judge's report and recommendation. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the parties have failed to object, they have waived their right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 21, 2017


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE